# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| Julie Alberts,<br><br>       Plaintiff,<br>v.<br><br>Portfolio Recovery Associates, LLC,<br><br>       Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq*. ("MCPA"), and the Michigan Occupational Code, M.C.L. §339.901 *et seq*. ("MOC") by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Julie Alberts is a natural person who resides in the Township of Vergennes, State of Michigan, is a "consumer" as that term is defined by 15

U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5. Plaintiff is a "person" as the term is defined by M.C.L. § 445.251(f) and a "consumer" as defined by M.C.L. § 339.901(f).

6. Defendant Portfolio Recovery Associates, LLC is a Delaware limited liability company, with its principal place of business located at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502, having its registered agent at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

7. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant is a "collection agency" as that term is defined by M.C.L. §§ 445.251(b) and 339.901(b).

9. Defendant is not licensed by the State of Michigan to collect consumer debt in Michigan.

10. Defendant and its employees are "regulated persons" as that term is defined by M.C.L. § 445.251(g).

## FACTUAL ALLEGATIONS

11. Several years ago, Katherine Thuston incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by the FDCPA, MOC, and MCPA.

12. Upon information and belief, the debtor, Katherine Thuston, defaulted on her obligation.

13. After the debtor defaulted on her obligation, the account was then transferred, sold, or assigned to Defendant for collection.

14. During the twelve months immediately preceding the filing of this Complaint, Defendant attempted to collect the debt from the debtor by calling the Plaintiff's home telephone number, ending in 6101, and at times left messages on the answering machine, and at other times spoke to Plaintiff, who informed Defendant that Defendant was calling the wrong telephone number and a person by the debtor's name did not live there.

15. On several occasions during the twelve months immediately preceding the filing of this Complaint, Defendant was informed by the Plaintiff that the person Defendant was calling for did not live at that address, and that Defendant was calling the wrong phone telephone number.

16. On several occasions during the twelve months immediately preceding the filing of this Complaint, Plaintiff tried to remove her phone from the system by following the voice prompts, which indicated that she could remove her telephone number by pressing the number "2" on her phone.

17. Defendant persisted with these collection calls after being told in person that the phone number was wrong, that the person in question did not live in that household, and after Plaintiff, on several occasions tried to remove her telephone number using the Defendant's own telephone prompts.

18. On at least one occasion during the twelve months immediately preceding the filing of this Complaint, Plaintiff received a message on her answering machine from Defendant and directed to the debtor.

19. As a direct, actual, and proximate result of the acts and omissions of Defendant, Plaintiff has suffered actual damages in the form of anger, emotional distress, frustration, and upset, amongst other negative emotions.

## TRIAL BY JURY

20. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq*.

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*., with respect to Plaintiff.

23. Defendant violated 15 U.S.C. § 1692d each and every time Defendant called after being informed that they were trying to reach a debtor who did not live

at that address and who did not have that phone number, the natural consequence of the statement being to harass, oppress, or abuse the Plaintiff.

24. Defendant violated 15 U.S.C. § 1692d(5) each and every time Defendant called after being informed that they were trying to reach a debtor who did not live at that address and who did not have that phone number, by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

25. Defendant violated 15 U.S.C. § 1692d each time it violated the MOC, as detailed in this Complaint, the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

26. Defendant violated 15 U.S.C. § 1692d each time it violated the MCPA, as detailed in this Complaint, the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

27. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT II.

## VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT

**M.C.L § 445.251** *et seq.*

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the MCPA including, but not limited to, each and every one of the above-cited provisions of the MCPA, M.C.L. § 445.251 *et seq*.

30. Defendant violated M.C.L. § 445.252(n) each and every time Defendant called after being informed that they were trying to reach a debtor who did not live at that address and who did not have that phone number, a harassing, oppressive, or abusive method to collect a debt by engaging Plaintiff in telephone conversation repeatedly or continuously.

31. Defendant violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent each of the above-listed MCPA violations by Defendant's employees.

32. As a result of Defendant's willful violations of the MCPA, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 445.257; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257, from Defendant herein.

**COUNT III.**

## VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

## M.C.L. § 339.901 *et seq.*

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the MOC including, but not limited to, each and every one of the above-cited provisions of the MOC, M.C.L. § 339.911 *et seq.*, with respect to Plaintiff.

35. Defendant violated M.C.L. § 339.915(n) each and every time Defendant called Plaitniff after being informed that Defendant was trying to reach a debtor who did not live at that address and who did not have that phone number, a harassing, oppressive, or abusive method to collect a debt by engaging a Plaintiff in telephone conversation repeatedly or continuously.

36. Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent each of the above-listed MOC violations by Defendant's employees.

37. As a result of Defendant's willful violations of the MOC, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 339.916; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 339.916; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916, from Defendant herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq*.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff.

### COUNT II.

### VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT

### M.C.L. § 445.251 *et seq*.

- for damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff;

- for treble damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff.

### COUNT III.

**VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE**

**M.C.L. § 339.901** *et seq.*

- for damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff;

- for treble damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff.

Respectfully submitted,

GOLDEN LAW OFFICES, P.C.

Dated: November 21, 2014

/s/ B. Thomas Golden
B. Thomas Golden (P70822)
Attorney for the Plaintiff
2186 West Main Street
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900
Facsimile: (616) 897-2907
btg@bthomasgolden.com